UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL KINION ) | CIVIL ACTION NO. 3:11-CV-01941-AVC |
|       Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| SCOTT PHELAN, MARC SHAROH, ) | |
| RYAN CUBELLS ) | |
|       Defendants. ) | AUGUST 1, 2017 |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Final Pre-Trial Order, the Defendants in the above-captioned matter respectfully request that the Court instruct the jury as follows. The Defendants also request permission to supplement or revise these instructions as necessary prior to, during, and subsequent to the close of evidence at the trial.

**I.   42 U.S.C. SECTION 1983**

The law to be applied to the claims in this case is the federal civil rights law, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law, shall be liable to the party injured in action at law, suit in equity, or other proper proceedings for redress.



One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

HALLORAN & SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

Authority: Jury Instructions given in the case of King v. Crose, et al., Civil No. 3:93CV1273 (AHN).

**ELEMENTS OF A §1983 CLAIM**

In order to establish each of his claims under §1983, the Plaintiff must demonstrate by a preponderance of the evidence, the following three elements:

**First**, that the Defendants acted under color of the authority of the State of Connecticut;

**Second**, that the Defendants deprived the Plaintiff of his constitutional rights; and,

**Third**, that the acts of the Defendants were the proximate or legal cause of the Plaintiff's injuries as alleged in the complaint.

The Plaintiff may not recover unless he demonstrates, by a preponderance of the evidence, each of these elements.

Authority: Jury instructions given in the case of King v. Crose, et al., Civil No. 3:93CV1273 (AHN). Daniel v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

    A.    **Under Color of State Law**

An act of an official is done "under color" of authority or "under color" of state law if the act is done while the official is actually performing the duties of his office.

There is no dispute in this case that the Defendants were acting "under color" of state law. Your determination should, therefore, focus on whether the Defendants committed acts which caused the Plaintiff to be deprived of his constitutional rights.

One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

Authority: Jury Instructions given in the case of Smith v. Dingwell, Civil No. 3:96CV00840 (PCD).

### B. Establishment of Claim Under Section 1983

I instruct you that, to establish a claim under Section 1983, the Plaintiff must show that the Defendants acted intentionally or recklessly.  If you find that the acts of the Defendants were merely negligent, then, even if you find that the Plaintiff was injured as a result of those acts, you must return a verdict for the Defendants.

Authority:  Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668. 88 L.Ed.2d 677(1986).

#### 1. State of Mind – Intentional

An act is intentional if it is done knowingly; that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.  In determining whether the Defendants acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Authority:  Modern Federal Jury Instruction, §87.03, Instructions 87-76.

- 3 -

One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

### 2. State of Mind – Recklessness

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the Defendants acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Authority: Modern Federal Jury Instruction, §87.03, Instructions 87-77.

### 3. State of Mind – Negligence

An act is negligent if the Defendants were under a duty or obligation recognized by law that required them to adhere to a certain standard of conduct to protect others against unreasonable risks, and they breached that duty or obligation.

Authority: Modern Federal Jury Instruction, §87.03, Instructions 87-78

### C. Proximate Cause – Generally

The third element that the Plaintiff must prove is that the Defendants' acts were a proximate cause of the injuries that he sustained. Proximate cause means that there must be a sufficient causal connection between the Defendants' act or omission, and any injury or damage sustained by the Plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably

One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

foreseeable consequence of the Defendants' act or omission, it was proximately caused by such act or omission. In other words, if a Defendants' act or omission had such an effect in producing the injury that a reasonable person would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the Defendants. If you find that the Defendants have proved, by a preponderance of the evidence, that the Plaintiff complains about injuries which would have occurred even in the absence of the Defendants' conduct, you must find that the Defendants did not proximately cause Plaintiff's injuries.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A Defendant is not liable if Plaintiff's injury was caused by a new or independent source of an injury which intervenes between the Defendants' act or omission and the Plaintiff's injury, and which produces a result which was not reasonably foreseeable by the Defendants. Nor would the Defendants be liable if the Plaintiff caused his own injuries or damages entirely through his behavior or actions.

One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN
& SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

The Plaintiff in this case claims that as a result of the Defendants' conduct, he suffered both injuries and damages. The Defendants deny these allegations.

If you find that the Plaintiff suffered any of the injuries or damages that he claims to have suffered and you find that those injuries were a direct result or a reasonably probable consequence of the Defendants' act or omission, then you should find that the Plaintiff's injuries were proximately caused by the Defendants' act or omission and that the Plaintiff has satisfied the third element of his claim.

Authority: <u>Grivhan v. Western Line Consolidated School District</u>, 439 U.S. 410 (1979); <u>Mt. Healthy City School District Board of Educ. V. Doyle</u>, 429 U.S. 274 (1977). <u>Gierlinger v. Gleason</u>, 160F.3d 858 (2nd Cir. 1998)

## II. <u>USE OF FORCE UNDER THE FOURTH AMENDMENT</u>

### A. <u>Use of Force:</u>

All claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or to this "seizure" of a free citizen – should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989).

Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "the nature and quality of the intrusion on the

One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

HALLORAN
& SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

individual's Fourth Amendment interests" against the Courter veiling governmental interests at stake.  <u>United States v. Place</u>, 462 U.S. 696, 703 (1983).

The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application.  <u>Bell v. Wolfish</u>, 441 U.S. 520, 559 (1979).  Its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.  <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989), <u>Tennessee v. Garner</u>, 471 U.S. 1, 8-9 (1985).

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  You must keep in mind that a trained, experienced police officer may perceive danger where an untrained observer would not.  Police officers are allowed to draw upon their own experience and specialized training to make inferences and deductions about the cumulative information available to them that might well elude an untrained person.

Authority:  <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989). <u>Terry v. Ohio</u>, 392 U.S. 1, 20-22 (1968). <u>United States v. Barlin</u>, 686 F.2d 81, 86 (2d Cir. 1982); <u>United States v. Rideau</u>, 969 F.2d 1572, 1575 (5th Cir. 1992).

One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN
& SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain and rapidly evolving about the amount of force that is necessary in a particular situation."

Authority:  Graham v. O'Connor, 490 U.S. 386, 396-397 (1989).

As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

Authority:  Graham v. Connor, 490 U.S. 386, 396 (1989).

Our Fourth Amendment jurisprudence has long recognized that the right to execute an arrest necessarily carries with it the right to use some degree of physical coercion or threat of such coercion to restrain a person. Thus, police officers are justified in using reasonable physical force upon another person when, and to the extent that, they reasonably believe it is necessary to restrain or detain a person, effect an arrest, or defend themselves or a third person from the use or imminent use of physical force.

One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

In this case the Plaintiff alleges the Defendants used excessive force on him after he was taken into custody on April 17, 2011. The Defendants deny these allegations. The Plaintiff further claims that the Defendants failed to intervene to the other(s) from violating his civil rights.

B.      **Failure to Intervene:**

Police officers also have an affirmative duty to enforce the law and preserve the peace. This includes stopping other police officers from violating someone's constitutional rights. A police officer may not ignore the duty imposed by his office and fail to stop other officers who violate the constitutional rights of a third person in his presence. Thus, if you find that any of the Defendants violated the constitutional rights of Mr. Kinion, and that another Defendant observed or had reason to know of these constitutional violations, and was in a position to and had the ability to stop these actions, but did not, you must hold that Defendant liable as well for the unlawful act or acts of his Co-Defendant.

The law is that an officer who is present at the scene and who has an opportunity to intervene to prevent use of excessive force is equally liable to the Plaintiff if he/she fails to take reasonable steps to protect the Plaintiff from another officer's use of force.

Liability for failure to intervene may be imposed only if the officer had a realistic opportunity to intervene in a timely fashion. In making this determination, how close the

One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

officers were to one another and the rapidity with which the events occurred are to be considered.

### III.   **MULTIPLE DEFENDANTS**

Although there are three Defendants in this action, it does not follow from that fact alone that if one is liable, the others are liable.  Each Defendant is entitled to a fair consideration of the Plaintiff's claims against him and of each Defendant's own defenses to those claims. 1 Devitt & Blackmar, Federal Jury Practice and Instructions, 3d Ed. Section 71.06.

### VI.   **QUALIFIED IMMUNITY**

A police officer views the facts through the lens of his police experience and expertise. The background facts provide a context for the historical facts and when seen together yield inferences that deserve deference. Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 134 L. Ed 2d 911 (1996).

All government officials, including police officers, are entitled in proper cases to the defense of qualified immunity against claims under the Constitution for money damages.  This defense is intended to protect officers from liability arising from the performance of their duties, such as the use of force and making arrests.  These officers must routinely make close decisions in order to exercise the discretionary authority that is delegated to them.  The qualified immunity

One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN
& SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

defense protects such officers from liability unless they are plainly incompetent or knowingly violated the law.

Qualified immunity shields a Defendant official from liability provided that his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. However, even where rights are clearly established, a Defendant official will be entitled to qualified immunity if it was objectively reasonable for him to believe that his actions in the circumstances he encountered did not violate that clearly established right. Conduct is "objectively reasonable" unless it is obvious that no reasonably well-trained officer would have taken the same action under the same or similar circumstances.

In deciding what a competent official would have known about the legality of the challenged conduct, the following are to be considered: the nature of a Defendant's official duties; the character of his official position; the information which was known to him or not known to him; and the circumstances which confronted him. You must ask yourself what a reasonable official in the Defendant's situation would have believed about the legality of his conduct. If you find that a reasonable official in a Defendant's situation would believe this conduct to be lawful, then this element will be satisfied.

Even in a situation in which officials of reasonable competence could disagree as to the legality of the Defendant's actions, the officer is entitled to qualified immunity.

One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct. It is sometimes difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation the officer confronts. An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to what is legal in those circumstances. If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense.

If it is found that a Defendants' actions were objectively reasonable under the circumstances, even if they did violate the Plaintiff's constitutional rights, then the Defendants are entitled to qualified immunity.

Authority:  <u>Saucier v. Katz</u>, 533 U.S. 194 (2001); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982); <u>Finnegan v. Fountain</u>, 915 F.2d 817 (2d Cir. 1990); <u>Brosseau v. Haugen</u>, 543 U.S. 194 (2004); <u>Wilson v. Layne</u>, 526 U.S. 603 (1999).

## VII. **CREDIBILITY OF POLICE OFFICERS**

The testimony of a police officer is entitled to no special or exclusive sanctity. A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of police officers you should not believe them merely because they are police officers. You should recall his or her demeanor on the stand, the manner of testifying, the substance of that officer's testimony, any interest he or she may have in the outcome of the case, including those officers who are parties to the case, and weigh and

- 12 -

One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN
& SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

balance the testimony just as carefully as you would the testimony of any other witness.  Police officers do not stand in any higher station in the community than any other person, and their testimony is not entitled to any greater weight.

Authority:  Roberts v. Hollocher, 664F.2s 200 (8th Cir. 1981); Darbin v. Nourse, 664 F.2d 1109 (9th Cir. 1981).

## VIII.  INSTRUCTIONS ON DAMAGES

If the Plaintiff has proven by a preponderance of the credible evidence that the Defendants are liable on any of the Plaintiff's claims, then you must determine the damages to which the Plaintiff is entitled. However, you should not infer that the Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the Plaintiff is entitled to recovery.  You should not consider the question of damages at all, unless you have first determined that a Defendant did violate the Plaintiff's constitutional rights.

Authority:  Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D. Pa. 1969), modified on other grounds, 430 F.2d 325 (3d Cir. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189. 28 L.Ed.2d 322 (1971); Kreiger v. Bausch, 377 F.2d 398 (10th Cir. 1967).

One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

### A. **Compensatory Damages**

The first kind of damages is compensatory damages. Compensatory damages represent a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a Defendant. You shall award actual, or compensatory, damages only for those losses which you find Plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by the Defendant. Actual loss, however, is not limited to expense or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such case to the extent that the loss of injury can be reasonably quantifiable. The damages you award should be proportional to the actual loss sustained. Compensatory or actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

Authority: Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S. Ct. 28 (1931); Kinty v, United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert. denied. 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.S. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979).

One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN
& SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

### B. <u>Nominal Damages</u>

If you find that a Defendant violated a constitutional right of the Plaintiff, the Plaintiff is entitled to at least nominal damages for that loss. Nominal damages, however, are ordinarily fixed in the amount of $1.00.

The law does not recognize an inherent or abstract monetary value of a constitutional right; therefore, no compensatory damages may be awarded for a violation of a constitutional right absent proof of actual injury or loss.  If you do find that a Defendant violated Plaintiff's constitutional rights, but you do not find that the Plaintiff has suffered actual injury or loss by virtue of his constitutional rights having been violated, then you shall award nominal damages of no more than one dollar for each violation of Plaintiff's constitutional rights.

Authority:   United States Supreme Court: <u>Mempher Community School District v. Stachura</u>, 477 U.S. 299 (1986); <u>Carey v. Piphus</u>, 435 U.S. 247 (1978). <u>Wheatley v. Beetar</u>, 637 F.2d 863, 865-68 (2d Cir. 1980); <u>Ellis v. Blum</u>, 643 F.2d 68, 8284 (2d Cir. 1981); <u>German-Bey v. National R.R. Passenger Corp.</u>, 546 F.Supp. 253, 258-59 (S.D.N.Y. 1982); <u>Corriz v. Naranjo</u>, 667 F.2d 892, 897-98 (10th Cir. 1981); <u>Bauer v. Norris</u>, 713 F.2d 408, 413-14 (8th Cir. 1983).

One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN & SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

### C. Punitive Damages

If you decide to award compensatory or nominal damages to the Plaintiff, you may then consider whether or not to award him punitive damages. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct and to serve as an example or warning to others not to engage in wrongful conduct.

If you find that an act of a Defendant was done maliciously, wantonly, or in reckless or callous disregard or indifference to the federally protected rights of the Plaintiff, then you may award punitive damages as you find proper.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are only allowed if you have first found that the Plaintiff is entitled to compensatory damages, even if such damages are nominal. You must also bear in mind that the law requires that punitive damages, if awarded, be fixed with calm discretion and sound reason. They must never be awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.

Authority: Mempher Community School District v. Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); City of Newport v. Fact Concerts, Inc., 453 U.D. 247, 101 S.C5. 2748, 69 L.Ed.2d 616 (1981); Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); Carey v. Piphus,

One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

435 U.S. 247. 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); <u>Vasbinder v. Ambach</u>, 926 F.2d 1333 (2d Cir. 1991).

| | |
|---|---|
| THE DEFENDANT:<br>RYAN CUBELLS | THE DEFENDANTS:<br>SCOTT PHELAN AND MARC SHAROH |
| By: */s/ Mark A. Perkins*<br>Mark A. Perkins, Esq.<br>HALLORAN & SAGE LLP<br>One Century Tower<br>265 Church Street, Suite 802<br>New Haven, CT 06510<br>Fed. Bar #ct22419<br>Phone:  203-672-5488<br>Fax:  203-672-5480<br>perkins@halloransage.com<br>His Attorneys | By: */s/ Joseph A. Mengacci*<br>Joseph A. Mengacci, Esq.<br>Special Counsel<br>Office of Corporation Counsel<br>235 Grand Street, 3rd Floor<br>Waterbury, CT 06702<br>Fed. Bar #ct05394<br>Phone: 203-574-6731<br>Fax: 203-574-4380<br>jmengacci@waterburyct.org<br>Their Attorneys |



One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN
& SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

## CERTIFICATION

This is to certify that on this 1st day of August, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Mark A. Perkins  
Mark A. Perkins, Esq.

One Century Tower  
4925278v.1  
265 Church Street  
Suite 802  
New Haven, CT 06510

HALLORAN & SAGE LLP

Phone (203) 672-5432  
Fax (203) 672-5480  
Juris No. 432591