UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL KINION | : | CIVIL ACTION NO. |
| V. | : | 3:11-cv-01941 (AVC) |
| RYAN CUBELLS, et al | : | AUGUST 1, 2017 |

## PLAINTIFFF'S PROPOSED JURY INSTRUCTIONS

**EXCESSIVE USE OF FORCE**

The plaintiff claims that the defendants violated his constitutional right not to be subjected to the use of excessive force by a police officer. He brings this claim under a federal law, 42 U.S. Code §1983 which provides that a person acting under color of state law who violates a person's rights under the United States Constitution can be held liable for money damages to the person whose rights he has violated.

In order to prove this claim, the plaintiff must prove:

1. that the defendants were acting under color of state law;

2. that the defendants engaged in actions that deprived the plaintiff of his constitutional right not to be subjected to use of excessive force; and

3. that the defendants' acts were the proximate cause of the injuries or losses claimed by the plaintiff.

The first element, acting under color of state law, is not in dispute. Police officers get their authority under state law, so they are acting under color of state law when they act in their capacity as police officers.

The second element requires more explanation. The fourth amendment to the United States Constitution guarantees people the right not to be unreasonably seized by government

officials, including police officers. This right is violated if a police officer subjects a person to excessive force. The right of a police officer to stop and arrest a person necessarily carries with it the right to use some degree of physical coercion or contact to effect the arrest. This does not mean, however, that the officer may use excessive amounts of force. Force is excessive, and use of such force constitutes a violation of a person's rights under the fourth amendment, if the amount of force used would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the exact time that the police officer used such force. The test is not whether the defendants thought their use of force was reasonable, but rather it is an objective standard: would a reasonably competent police officer consider the use of such force reasonable under the circumstances at the time the force was used?

Applying this standard requires careful attention to the facts and circumstances of the case, including the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the officer or others, and whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20-20 vision of hindsight. Not every push or shove, even if it may later seem unnecessary in the peace of the courtroom, violates the fourth amendment. Your assessment of reasonableness must allow for the fact that the police officer may have had to make a split-second judgment concerning the amount of force that was necessary in circumstances that were tense, uncertain and rapidly evolving.

The issue is whether the force used was reasonable, not the officer's intent or frame of mind. An officer's bad intentions or hostile frame of mind toward the plaintiff will not make a fourth amendment violation out of the use of force that is a reasonable amount of force under the

circumstances. An officer's good intentions will not make constitutional what is, in fact, an unreasonable use of force.

The facts are in dispute as to what the circumstances were when the defendants acted. The plaintiff claims that when the police were closing in on him he put the gun into a crevice between the sidewalk and the house and lay down flat on the ground with his arms outstretched in a surrender position to show that he was unarmed. The plaintiff further claims that he was then attacked by the defendants who kicked him with their feet and beat him with a police baton for several minutes causing him to sustain his injuries.

The defendants claim that instead he was standing when they approached him and believing he still had a weapon he was like swept which caused him to fall to the ground. They further claim he either injured himself when he was leg swept, or that he sustained his injuries earlier that evening at the Sportsmen's Club.

You must determine what the circumstances were, as they presented themselves to the defendants, at the precise time that they acted. You are simply to determine what the situation was at the time the defendants used force, and whether a reasonably competent police officer would not have used such force under the circumstances at the time.

The third element that the plaintiff must establish is that the defendants' use of force was the proximate cause of the injuries or losses that the plaintiff sustained. An injury or loss is proximately caused by an action if that action was a substantial factor in bringing about the injury or the loss. The injury or loss must also be either a direct result or a reasonably probable consequence of the act of the defendants. In other words, the plaintiff must satisfy you that his injuries or losses were the natural and probable consequence of the defendants' acts, and

that the defendants ought to have foreseen that injury or loss was likely to result from such acts, or that one or more of the defendants should have acted to prevent the other defendant or defendants from causing the plaintiff's injuries.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury.

## PUNITIVE DAMAGES

In addition to seeking compensatory damages, the plaintiff seeks an award of punitive damages. Punitive damages are damages awarded not to compensate the plaintiff for any injury or losses but to punish the defendants for outrageous conduct and to deter them and others from similar conduct in the future. Punitive damages may be awarded for conduct that is outrageous, because of the defendants' reckless indifference to the rights of others or an intentional and wanton violation of those rights. You may award punitive damages only is you unanimously find, from facts established by a preponderance of the evidence, that the conduct of one or more of the defendants was, in fact, outrageous.

The law does not require you to award punitive damages. It is, instead, a matter for your sound discretion. An award of punitive damages must not reflect bias, prejudice or sympathy with respect to any party. It must instead be fairly based on the evidence in this case. There is no exact standard for fixing the amount of punitive damages. The amount awarded, if any, should be the amount you unanimously find necessary for achieving the objectives of punitive damages that I have described. You should consider the degree of reprehensibility of the defendant's misconduct or the actual or potential harm suffered by the plaintiff.

**PLAINTIFF, PAUL KINION**
By:___/s/ ct01319_____
        Edward C. Taiman, Jr.
        etaiman@sabialaw.com
        Sabia Taiman, LLC
        450 Church Street
        Hartford, CT 06103
        Tel. (860) 541-2077
        Fax. (860) 713-8944
        Juris No. 412905