UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL KINION | ) CIVIL ACTION NO. 3:11-CV-01941-JCH |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| RYAN CUBELLS, MARC SHAROH, | ) |
| & SCOTT PHELAN | ) |
| | ) |
| Defendants, | )        JANUARY 18, 2018 |

## JOINT STIPULATION REGARDING MCKINLEY DAWSON

The parties to the above captioned matter hereby stipulate and agree that the Defendants have used good faith efforts to locate fact witness, McKinley Dawson, for the purposes of serving him with a subpoena to appear and give testimony at trial.  Specifically, the parties agree that Mr. Dawson is "unavailable" pursuant to Rule 804(b)(1), and they may therefore offer Mr. Dawson's deposition testimony at trial.

Counsel for Ryan Cubells has represented that a subpoena was issued for Mr. Dawson and Gail Woodson, a second fact witness, to appear at trial. (See Exhibit A.)  On January 15, 2018, Marshal John Barbieri, Jr. contacted Attorney Perkins to advise him despite numerous tries he could not locate Mckinley Dawson or Gail Woodson. (See Exhibit B.)  Based upon the Marshal's representation and the efficacy of trial, the parties have agreed that Mr. Dawson's deposition testimony can be used at trial, subject to any objection taken at the time of the deposition.

- 1 -


HALLORAN
&SAGELLP

Respectfully submitted,

THE DEFENDANT:                          THE DEFENDANTS:
RYAN CUBELLS                            SCOTT PHELAN AND MARC SHAROH

By: /s/ Mark A. Perkins                 By: /s/ Joseph A. Mengacci
Mark A. Perkins, Esq.                   Joseph A. Mengacci, Esq.
HALLORAN & SAGE LLP                     Special Counsel
One Century Tower                       Office of Corporation Counsel
265 Church Street, Suite 802            235 Grand Street, 3rd Floor
New Haven, CT 06510                     Waterbury, CT 06702
Fed. Bar #ct22419                       Fed. Bar #ct05394
Phone: 203-672-5488                     Phone: 203-574-6731
Fax: 203-672-5480                       Fax: 203-574-4380
perkins@halloransage.com                jmengacci@waterburyct.org
His Attorneys                           Their Attorneys

PLAINTIFF:
PAUL KINION

By:____/s/ ct01319
Edward C. Taiman, Jr.
etaiman@sabialaw.com
Sabia Taiman, LLC
450 Church Street
Hartford, CT 06103
Tel. (860) 541-2077
Fax. (860) 713-8944
Juris No. ct01319

- 2 -

One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510



Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

## CERTIFICATION

This is to certify that on this day, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the court's CM/ECF System.

/s/ Mark A. Perkins
Mark A. Perkins, Esq.

One Century Tower
265 Church Steet
5190152v.1
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

# EXHIBIT A

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Connecticut

| | |
|---|---|
| Paul Kinion | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:11-CV-01941-JCH |
| Waterbury Police Department, Et Al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   McKinley Dawson
      11 Tudor Street, 1st Floor, Waterbury, CT

*(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place:   141 Church Street, New Haven, CT 06510 | Courtroom No.: Judge Hall |
|---|---|
| | Date and Time: 01/29/2018 11:00 am |

     You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

**A True Copy Attest:**

*John Barbieri Jr.*
State Marshal / Indifferent Person

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/08/2018

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | *mel A. Per* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ryan Cubells
, who issues or requests this subpoena, are:

Mark A. Perkins, Esq., e-mail:perkins@halloransage.com
Halloran & Sage, LLP, 265 Church Street, Suite 802, New Haven, CT 06510

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88  (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Connecticut

| | |
|---|---|
| Paul Kinion | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:11-CV-01941-JCH |
| Waterbury Police Department, Et Al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Gail Woodson,
315 Orange Street, Waterbury, CT

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place: 141 Church Street, New Haven, CT 06510 | Courtroom No.: Judge Hall |
| | Date and Time: 01/29/2018 11:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

**A True Copy Attest:**

*John Barbieri Jr.*

John Barbieri Jr.
State Marshal / Indifferent Person

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/08/2018

CLERK OF COURT

OR

_____          *Mark A. Perkins*
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  **Ryan Cubells**
_____, who issues or requests this subpoena, are:

Mark A. Perkins, Esq., e-mail:perkins@halloransage.com
Halloran & Sage, LLP, 265 Church Street, Suite 802, New Haven, CT 06510

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person, and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

State of Connecticut

    City of: **Waterbury**                         **January 15, 2018**

County of New Haven

    Then and there by virtue hereof I made a due and diligent search to locate the within named: **McKinley Dawson, 11 Tudor Street 1st Floor, Waterbury, Connecticut,** but was unable to locate.

    *On January 8, 2018 at 1:10PM I went to 11 Tudor Street, Waterbury, Connecticut, nobody was home, so I left a business card.

    *On January 9, 2018 at 9:30AM I went back to 11 Tudor Street, Waterbury, Connecticut and spoke with the second-floor resident who had no knowledge of McKinley Dawson ever living on the first floor.

    *On January 9, 2018 at 10:00AM I ran a skip trace (using idicore) and found 11 Tudor Street, Waterbury, Connecticut is the last known address for McKinley Dawson.

    *On January 10, 2018 at 9:15AM I ran a second skip trace (using TLO) and found a possible address 222 Bradley Avenue Apt 2-14B, Waterbury, Connecticut and a possible phone number (203)558-1601.

    *On January 11, 2018 at 4:00PM I went to 222 Bradley Avenue, Waterbury, Connecticut and spoke to the resident who had no knowledge of McKinley Dawson ever living there.

    *From January 12, 2018 through January 15, 2018 I attempted the phone number multiple times a day at various times and never received a call back.

Unable to locate
Person Search Completed

                                  Attest:

                                  *John Barbieri Jr*
                                  John Barbieri Jr
                                  State Marshal

Time Spent:  $ 75.00

Total Due:    $ 75.00

State of Connecticut

City of: **Waterbury**                                  January 15, 2018

County of New Haven

Then and there by virtue hereof I made a due and diligent search to locate the within named: **Gail Woodson, 315 Orange Street, Waterbury, Connecticut,** but was unable to locate.

*On January 8, 2018 at 1:00PM I went to 315 Orange Street, Waterbury, Connecticut, the address does not exist. It looked like a building used to be there but has since been demolished.

*On January 9, 2018 at 9:00AM I ran a skip trace (using idicore) and found a possible address of 489 Baldwin Street, Waterbury, Connecticut.

*On January 9, 2018 at 9:30AM I went to 489 Baldwin Street, Waterbury and spoke with the resident who informed me that she had no knowledge of Gail Woodson ever living there.

*On January 10, 2018 at 9:15AM I ran a second skip trace (using TLO) and found a possible address of 33 Irion Street, Waterbury, Connecticut and possible phone numbers (203)597-1929 and (203)841-9657.

*On January 11, 2018 at 3:00PM I went to 33 Irion Street, Waterbury, Connecticut and spoke to the resident who had no knowledge of Gail Woodson ever living there.

*From January 12, 2018 through January 15, 2018 I attempted both phone numbers multiple times a day at various times and never received a call back.

Unable to locate
Person Search Completed

Attest:

*John Barbieri Jr*
John Barbieri Jr
State Marshal

Time Spent:  $ 75.00

Total Due:   $ 75.00