**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| | : | |
| PAUL KINION, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:11-CV-1941 (JCH) |
| | : | |
| v. | : | |
| | : | |
| RYAN CUBELLS et al., | : | JANUARY 30, 2018 |
| Defendants. | : | |
| | : | |

**JURY CHARGE**

## TABLE OF CONTENTS

1.   INTRODUCTION ................................................................................... 4

2.   ROLE OF JURORS ............................................................................... 5

3.   ROLE OF ATTORNEYS ........................................................................ 7

4.   THE PARTIES ...................................................................................... 8

5.   BURDEN OF PROOF ........................................................................... 9

6.   BURDEN OF PROOF – MULTIPLE DEFENDANTS .............................. 11

7.   WHAT IS AND IS NOT EVIDENCE ...................................................... 12

8.   STIPULATIONS ................................................................................... 14

9.   DIRECT AND CIRCUMSTANTIAL EVIDENCE ..................................... 15

10.  INFERENCES...................................................................................... 16

11.  DETERMINING THE CREDIBILITY OF WITNESSES .......................... 17

12.  IMPEACHMENT OF A WITNESS......................................................... 20

13.  IMPEACHMENT BY FELONY CONVICTION........................................ 21

14.  DEPOSITION TESTIMONY.................................................................. 22

15.  TESTIMONY OF POLICE OFFICERS................................................... 23

16.  NATURE OF THE CASE ...................................................................... 24

17.  SECTION 1983.................................................................................... 25

18.  SECTION 1983 - ELEMENTS .............................................................. 26

19.  SECTION 1983: PERSONAL INVOLVEMENT – MULTIPLE DEFENDANTS ........ 27

20.  SECTION 1983: FIRST ELEMENT – UNDER COLOR OF STATE LAW .............. 28

21.  SECTION 1983: SECOND ELEMENT – DEPRIVATION OF A CONSTITUTIONAL
     RIGHT ................................................................................................. 29
     A.   Excessive Force........................................................................... 29
     B.   Failure to Intervene ..................................................................... 31

22.  SECTION 1983: THIRD ELEMENT – CAUSATION ............................... 33

23. GENERAL INSTRUCTIONS ON DAMAGES ........................................................ 35

24. COMPENSATORY DAMAGES ..................................................................... 36

25. CALCULATING COMPENSATORY DAMAGES .................................................. 37

26. NOMINAL DAMAGES ................................................................................ 39

27. DOUBLE DAMAGE RECOVERY .................................................................. 40

28. PUNITIVE DAMAGES ............................................................................... 41

29. NOTE TAKING ....................................................................................... 43

30. CLOSING REMARKS ............................................................................... 44

1.     INTRODUCTION

You have now heard all of the evidence in the case and the final arguments of counsel.  This brings us to the stage in the trial when you will soon undertake your final function as jurors.  First, however, it is my duty to instruct you concerning the law that applies to this case.

You must take the law as I give it to you.  Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the view instructed by me.  If any attorney or any witness or any exhibit has stated a legal principle different than one that I state to you in these instructions, it is my instructions that you must follow.  Only my instructions establish the law for your deliberations.  You must take the law as I give it to you.

At the outset of this trial, I gave you some preliminary instructions that were intended to serve as an introduction to the trial and to orient you to this case.  The instructions that I give now are the final and complete instructions.  If you believe that what I say now is inconsistent with the instructions I gave you at the start of the trial, you should not rely on anything that I may have said in the preliminary instructions that is different from the instructions I am now giving you.  The instructions I am now giving you are the final instructions and must guide your deliberations in this case.

When you recess to deliberate, you will have your copy of these instructions on the law for your reference.  Please understand that the instructions as a whole constitute the law of this case; you should not single out any one instruction, or overlook another.

2.     ROLE OF JURORS

As members of the jury, you are the sole and exclusive judges of the facts.  You consider the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  In determining these issues, no one may intrude on your authority or function as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law.  You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this Charge, nor did I mean to indicate at any time during the trial, any opinion as to the facts or as to what your verdict should be.  The rulings I have made during the trial are not any indication of a view of what your decision should be as to whether or not the plaintiff has proven his case.  Of course, you will dismiss from your mind completely any evidence which has been ruled out of the case by the court, and you will refrain from any speculation or guesswork about the nature or effect of any conversation between the court and counsel held out of your hearing.

I also instruct you to draw no inference from the fact that, upon occasion, I may have asked questions of, or given instructions to, a witness.  These questions and instructions were intended only for clarification or to expedite matters and certainly were not intended to suggest any opinion on my part as to the verdict you should render, or as to whether any of the witnesses may have been more or less credible than any other witnesses.

Also, you may not draw any inference from the mere fact that Mr. Kinion has filed this lawsuit.

As to the facts, you are the exclusive judges, and you are to perform the duty of finding the facts fairly, without bias or prejudice to any party.

3.    ROLE OF ATTORNEYS

It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings on issues of law.

All those questions of law must be decided by the court.  You should not show any prejudice against an attorney or the client because the attorney objected to the admissibility of evidence, or asked the court to rule on the law.

Similarly, one cannot help becoming involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest among attorneys.  You are to decide this case solely on the basis of the evidence.

Remember, statements and characterizations of the evidence by the attorneys are not evidence.  Insofar as you find their opening statements and closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that counts.

4.     THE PARTIES

All persons and parties stand equal before the law and are to be dealt with as equals in this, a court of justice.

Additionally, the fact that the plaintiff was being arrested at the time of the alleged violation has absolutely no bearing on his constitutional right to be free from excessive force or on his right to recover damages if you find, based on the evidence in this trial, that his rights have been violated.  You should evaluate his credibility in the same way that you would evaluate the credibility of any witness.

I know you will do this and in that way reach a just and true verdict.  If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a fair and just verdict.

5.    BURDEN OF PROOF

In a civil case such as this, the burden of proof is a preponderance of the evidence.  In this case, Mr. Kinion bears the burden of proving each element of his claims by a preponderance of the evidence.

In determining whether the plaintiff has carried his burden, bear in mind that you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have introduced them. However, if I have instructed you that certain evidence was admitted solely with regard to a defendant and not another, or a particular claim and not the other, or for a particular purpose and not others, you must follow my instruction.

To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  The plaintiff must prove more than simple equality of the evidence.  If, after considering all of the evidence and testimony on a given issue, you find that both sides of the issue are equally probable, then the plaintiff has failed to sustain his burden, and you must decide that issue against the plaintiff.

When the burden is a preponderance of the evidence, the plaintiff only needs to prove a fact by a preponderance.  A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or exhibits.  So long as you find that the scales tip, however slightly, in favor of the plaintiff on an element, then that element will have been proven by a preponderance of the evidence.

You may have heard the phrase "proof beyond a reasonable doubt."  That standard is the proper standard of proof in a criminal trial.  The case before you is a civil

case, and that standard does not apply to a civil case.  Therefore, you should not consider the criminal burden of proof in this case.

Throughout these instructions to you, I may use the word "prove" from time to time, with reference to the burden of proof.  I may also speak of your "finding" various facts as to elements of the claims made in this case.  You are to understand my use of the word "prove" to mean "prove by a preponderance of the evidence," even if I do not always repeat all these exact words.  Similarly, when I say that you must "find" a fact in order to return a verdict in favor of the plaintiff or a defendant, you must find that fact to have been proven by a preponderance of the evidence, even if I simply use the word "find."

6.    BURDEN OF PROOF – MULTIPLE DEFENDANTS

Although there are three defendants in this action, it does not follow from that fact alone that, if you find that Mr. Kinion has proven a claim against one defendant, all defendants are liable.  Each defendant is entitled to fair consideration as to any claim against him.  All instructions I give you govern the case as to each defendant individually.  Therefore, you must consider Mr. Kinion's claims as against each defendant individually.

In these instructions, I may at times, for ease of discussion, refer to what Mr. Kinion must prove in order to prevail against the defendants.  Bear in mind that you must decide the case as to each defendant.

7.     WHAT IS AND IS NOT EVIDENCE

The evidence in this case consists of the sworn testimony of the witnesses and the exhibits received in evidence as full exhibits, without regard to which side called the witness or offered the exhibit.

It is the witnesses' answers and not the lawyers' questions that are evidence.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and then asked the witness if the statement was true.  If the witness admitted the truth of the statement, then you may consider it true.  If the witness denied the truth of the statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.  Similarly, if an attorney described a witness's testimony, you should not accept that as the witness's testimony.  It is your recollection of the witness's testimony that controls.

The lawyers are not witnesses.  What the lawyers have said in their opening statements and their closing arguments, in their objections, or in their questions, is not evidence.  What they have said in their closing arguments is intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from what a lawyer says in closing argument, it is your recollection that controls.

Testimony that has been stricken or excluded by the court is also not evidence, and you may not consider it in rendering your verdict.  In certain instances, evidence may have been admitted only for a particular purpose and not generally for all purposes. For the limited purpose for which it has been received, you may give such evidence the

weight you decide it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned by the court.

Anything I may have said during the trial, or what I may convey in these instructions, is not evidence.  My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  Finally, anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

8.      STIPULATIONS

In this case, you have heard reference to a "stipulation" or that some fact is "stipulated."  When the attorneys on both sides stipulate or agree as to the existence of a fact, you should accept the stipulation as evidence and regard that fact as proven. The fact that the plaintiff and the defendants have stipulated to or agreed to certain facts should not be viewed by you as any admission by any defendant of wrongdoing.

9.     DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence.  One type of evidence is direct evidence.  Direct evidence is evidence presented by a witness who testifies to what he saw, heard, or observed.  In other words, when a witness testifies about something he knows by virtue of his own senses, such as seeing, touching, or hearing, that is called direct evidence.  Direct evidence may also be in the form of an exhibit where the fact to be proven is the existence or content of the exhibit.

The other type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  That is, circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  Remember my rain example.  On the combination of facts that I asked you to assume, it would be reasonable and logical for you to conclude that it is raining.  It is not the only conclusion you could reach, nor would you have to reach that conclusion, but you could do so reasonably and logically.  All there is to circumstantial evidence is that you infer, on the basis of reason, experience, and common sense, from one or more established facts (in my example, people with wet umbrellas, hair, and raincoats) the existence or non-existence of some other fact (that it had rained).

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict be based on a preponderance of all the evidence presented.

10.    INFERENCES

In their arguments, the parties may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.  An inference is not a suspicion, guess, speculation, or conjecture.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether those facts are proven by direct or circumstantial evidence.  The plaintiff may ask you to draw one set of inferences, while the defendants may ask you to draw another.  These inferences are deductions or conclusions which you, the jury, are permitted to draw, but are not required to draw, from the facts which have been established by either direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.  In drawing inferences, you should exercise your common sense.

Some claims may require a jury to determine whether the plaintiff has proven a particular state of mind or knowledge on the part of a party.  Direct proof of a person's state of mind or knowledge is not always available and is not required.  Instead, you are permitted, but not required, to infer that a person acted with a particular state of mind or knowledge, based on circumstantial evidence.

11.    DETERMINING THE CREDIBILITY OF WITNESSES

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You and you alone are the judges of the credibility of each witness, which testimony to believe and which not to believe, and the importance of a witness's testimony.  You may accept or reject the testimony of any witness in whole or in part.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?  When you watched a witness testify, everything that witness said or did on the witness stand counts in your determination.  What impression did the witness give you?  How did the witness appear?  Did he or she appear to be frank, forthright, and candid, or evasive and edgy, as if hiding something?  What was his or her demeanor, that is, his or her carriage, behavior, bearing, manner, and appearance while testifying?  Often it is not what a person says, but how he or she says it that informs us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence in deciding whether to accept or reject a witness's testimony.  You should consider any bias or hostility the witness may have shown for or against any party.  You should consider the opportunity the witness had to see, hear, and know the

things about which he or she testified; the accuracy of the witness's memory; his or her candor or lack of candor; his or her intelligence or lack thereof; and the reasonableness and probability of his or her testimony, its consistency or lack of consistency with other credible testimony and evidence, and its corroboration or lack of corroboration by other credible testimony and evidence.

If you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with care.  Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons participating in an event, or witnessing an incident or transaction, may see or hear it differently; an innocent mistake in remembering, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

You are not limited to the factors I have mentioned.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your

everyday life.  Always remember that in assessing a witness's testimony, you should use your common sense, your good judgment, and your own life experience.

12.     IMPEACHMENT OF A WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that, at some other time, the witness said or did something inconsistent with the witness's present testimony.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, that you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerned an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency, and whether that explanation made sense to you.

13.     IMPEACHMENT BY FELONY CONVICTION

You have heard the testimony of a witness who has been convicted of a crimes punishable by more than one year in jail.  These prior convictions were put into evidence for your consideration solely in evaluating each witness's credibility, not as evidence proving or disproving Mr. Kinion's claims.  You may consider the fact that a witness who testified is a convicted felon only in deciding how much of his testimony to accept and what weight, if any, it should be given.

14.    DEPOSITION TESTIMONY

During the trial of this case, the parties have offered testimony of a witness by way of depositions, which consist of sworn recorded answers to questions asked of the witness in advance of the trial.  Such deposition testimony is entitled to the same consideration and is to be judged as to credibility, and weighed and otherwise considered by you in the same way, as if the witness had been present and had testified from this witness stand.

On some occasions, an attorney asked a witness, by reading portions of a deposition, if he or she has previously said something which the attorney suggested was not the same as that witness's trial testimony.  This discussion of prior statements on the part of the witness was offered not as evidence in this trial, but rather to impeach the witness's credibility.  See Instruction 12.

15.    TESTIMONY OF POLICE OFFICERS

Some of the testimony that you have heard has been the testimony of police officers.  The testimony of these officers is entitled to no greater or lesser weight than any other witness's testimony.  A police officer who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does.  When you consider a police officer's testimony, you should use the same tests for truthfulness that you use with other witnesses.

16.    NATURE OF THE CASE

The plaintiff, Paul Kinion, brings this lawsuit against the defendants, Scott

Phelan, Ryan Cubells, and Marc Sharoh, alleging these Waterbury Police Officers used

excessive force on him during the course of arresting him on April 17, 2011, thereby

violating his constitutionally protected civil rights. The defendants deny using excessive

force on the plaintiff and claim that some of his injuries were the result of an earlier

altercation between the plaintiff and third-parties.

Mr. Kinion brings claims under section 1983 of title 42 of the United States Code.

First, he claims that the three defendants violated his Fourth Amendment rights

because they used excessive force against him in the course of arresting him.  Second,

Mr. Kinion claims that each defendant failed to intervene to prevent or stop other police

officers from using excessive force.

The defendants deny Mr. Kinion's allegations.  Further, they claim that, to the

extent force was used, that force was reasonable.

17.    SECTION 1983

Let me now turn to the specific claims in this case.

Mr. Kinion claims that the defendants violated section 1983 of title 42 of the United States Code, which I will simply refer to as "section 1983."  Section 1983 provides that a person may seek relief in this court by way of damages against anyone who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or the laws of the United States.

Specifically, Mr. Kinion alleges that, on April 17, 2011, Mr. Phelan, Mr. Cubells, and Mr. Sharoh violated his rights under the Fourth Amendment to be free from excessive force.  He claims that the three defendants struck, kicked, punched, and beat him while he was lying face down on the ground with his hands up in the air.  He also claims that the defendants yelled racial slurs at him while beating him.  He alleges that, as a result of the defendants' actions and inactions, he suffered physical and emotional injuries.  Mr. Kinion further alleges that each defendant failed to intervene to prevent or stop other police officers from using excessive force against him.

18.   SECTION 1983 - ELEMENTS

A section 1983 claim has three elements.  In order to prove a claim under section 1983 against one or more of the defendants, Mr. Kinion must prove, by a preponderance of the evidence, each of the following elements:

(1) First, that the defendant acted under color of state law;

(2) Second, that the defendant committed an act or acts that deprived Mr. Kinion of one or more rights secured by the Constitution of the United States; and

(3) Third, that such act or acts as you find violated Mr. Kinion's rights were a proximate cause of the injuries sustained by Mr. Kinion.

Mr. Kinion may not recover on a section 1983 claim against a defendant unless he has proven by a preponderance of the evidence each of these elements as to that defendant.

19.     SECTION 1983: PERSONAL INVOLVEMENT – MULTIPLE DEFENDANTS

For any one defendant to be liable under section 1983, Mr. Kinion must prove that that particular defendant was personally involved in one or more of the actions that Mr. Kinion claims deprived him of a constitutional right.  If Mr. Kinion does not prove that a particular defendant was involved in the alleged violation, then you cannot find that defendant personally liable for Mr. Kinion's injuries based on that violation.

Additionally, as I instructed you earlier, the claims against the individual defendants must be considered separately.  Although the individual defendants are being tried together, each one is entitled to full and fair consideration, and your verdict with regard to a claim against any one individual defendant must be based solely on the evidence, or lack of evidence, as to that defendant.  Moreover, your verdict as to a claim against one individual defendant does not necessarily control your verdict as to a claim against another individual defendant.

Let me now address each of the elements of a section 1983 claim in detail.

20.    SECTION 1983: FIRST ELEMENT – UNDER COLOR OF STATE LAW

In order to prove the first element of a section 1983 claim, Mr. Kinion must prove that a defendant was acting under the color of state authority, in this case the authority of the State of Connecticut.  Acting under color of law simply means action that is made possible only because the actor is clothed with the authority of the state.

This first element is not in dispute.  The parties agree that the defendants were acting under color of the authority of the State of Connecticut during the period of time relevant to this lawsuit.

Therefore, you need only consider the second and third elements of the section 1983 claims: whether one or more defendants performed an act or acts that deprived Mr. Kinion of a constitutional right and, if so, whether that defendant's actions were a legal cause of Mr. Kinion's claimed injuries.  Let me explain the second and third elements in greater detail.

21.   SECTION 1983: SECOND ELEMENT – DEPRIVATION OF A
       CONSTITUTIONAL RIGHT

In order to prove the second element of a section 1983 claim, Mr. Kinion must

prove that a defendant, in committing the act or acts complained of, deprived him of a

federal right.  In this case, Mr. Kinion claims that his rights under the Fourth Amendment

of the United States Constitution were violated.  The Fourth Amendment protects

persons from being subjected to excessive force while being arrested.  In other words, a

police officer may only employ the amount of force reasonably necessary under the

circumstances to make the arrest.

A.   Excessive Force

In this case, Mr. Kinion claims he was subjected to excessive force by the

defendants when the defendants arrested the plaintiff.  To determine whether a

defendant's acts caused the plaintiff to suffer the loss of a federal right, you must

determine whether the amount of force used to effect the arrest was that which a

reasonable officer would have employed in effecting the arrest under similar

circumstances.  In making this determination, you may take into account such factors as

the severity of the crime at issue, whether Mr. Kinion posed an immediate threat to the

safety of the defendants or others, and whether Mr. Kinion actively resisted arrest or

attempted to evade arrest by flight.  The reasonableness of a particular use of force

must be judged from the perspective of a reasonable officer on the scene, rather than

with the 20/20 vision of hindsight.  Not every push or shove, even if it may later seem

unnecessary in the peace of the courtroom, violates the Fourth Amendment.  Your

assessment of reasonableness must allow for the fact that the police officer may have

had to make a split-second judgment concerning the amount of force that was necessary in circumstances that were tense, uncertain, and rapidly evolving.

The issue is whether the force used was reasonable, not the officer's intent or frame of mind.  An officer's bad intentions or hostile frame of mind toward the plaintiff will not make a Fourth Amendment violation out of reasonable force.  At the same time, an officer's good intentions will not make constitutional what is, in fact, an unreasonable use of force.

If you find that the amount of force used was greater than a reasonable person would have employed, the plaintiff will have satisfied the second element of his section 1983 claim.

B.    Failure to Intervene

Mr. Kinion further claims that each defendant failed to intervene to prevent or stop the other defendant or defendants or other police officers from violating his civil rights.  Police officers have an affirmative duty to enforce the law and preserve the peace.  This includes stopping other police officers from violating someone's constitutional rights.  A police officer may not ignore the duty imposed by his office and fail to stop other officers who violate the constitutional rights of a third person in his presence.  Thus, in you find that any of the defendants violated the constitutional rights of Mr. Kinion, and that another defendant or defendants had the opportunity to stop these actions, but did not, then Mr. Kinion will have satisfied his burden of proof as to the second element of his section 1983 claim.

Liability for failure to intervene may only be imposed if the officer had a realistic opportunity to intervene in a timely fashion.  In determining whether the defendants had a realistic opportunity to intervene, relevant considerations include how close the defendant was to the constitutional violation and how quickly the events occurred.

I remind you that you must consider Mr. Kinion's claim independently as to each defendant, and your finding as to one defendant should not determine your decision as to the other two defendants.  If Mr. Kinion fails to prove the second element of his 1983 claim by a preponderance of the evidence as to a particular defendant, you must find that that defendant is not liable to Mr. Kinion on his section 1983 claim, and that will be the end of your deliberations with respect to that defendant.  If Mr. Kinion, however, proves the second element by a preponderance of the evidence as to one or more of the defendants, you should then proceed to consider the third element as to that defendant or defendants.

Let me now turn to the third element.

22.   SECTION 1983: THIRD ELEMENT – CAUSATION

In order to prove the third element of his section 1983 claims, Mr. Kinion must

prove that a defendant's acts or omissions were a proximate cause of his injuries.  An

act or omission is a proximate cause of an injury if it was a substantial factor in bringing

about or actually causing that injury, and if the injury was either a direct result of, or a

reasonably foreseeable consequence of, the defendant's act or failure to act.  Thus, you

must not only find that Mr. Kinion suffered injuries, but you must go further and find that

a defendant's conduct was a proximate cause of Mr. Kinion's injuries, before you can

find that defendant liable.  A defendant's conduct cannot be a proximate cause of Mr.

Kinion's injuries if you find that Mr. Kinion's injuries were solely the result of his own or

some third person's conduct.  However, it is possible for more than one action to be a

proximate cause of an injury.

Mr. Kinion has the burden of proving the second and third elements of his section

1983 claims by a preponderance of the evidence.  If you find that Mr. Kinion has failed

to prove either the second or the third element of his section 1983 claim by a

preponderance of the evidence as to a defendant, you must return a verdict for that

defendant, and your deliberations with respect to Mr. Kinion's section 1983 claim

against that defendant are over.  If you find that Mr. Kinion has sustained his burden of

proof on both the second and third elements of his section 1983 claim against a

defendant, you would then consider Mr. Kinion's section 1983 claim against the next

defendant and so forth.  If, after you have considered all of Mr. Kinion's section 1983

claims, you have found that he has proven his section 1983 claim against one or more

of the defendants, then Mr. Kinion has proven that claim as to that defendant or

defendants.  You will proceed to consider the issue of damages, which I will explain now.

23.    GENERAL INSTRUCTIONS ON DAMAGES

The fact that I am instructing you on the law governing damages should not be taken as a suggestion that you should necessarily reach the question of damages.  It is your job to decide the issue of liability first; I am instructing you on damages only so that you will have guidance should you decide that Mr. Kinion is entitled to recover damages.  You should not consider the question of damages unless and until you find that one or more of the defendants is liable to Mr. Kinion.  If you find that one or more of the defendants is liable to Mr. Kinion on one or more of his claims, then you must consider damages against that defendant or defendants with respect to that claim.

You should award damages only for those injuries caused by the conduct that you find satisfies the elements of Mr. Kinion's claims, and only in accordance with these instructions.  As with every other matter before you, you can award only such damages as are based on the evidence and the law.  The plaintiff has the burden of proving damages by a preponderance of the evidence.

There are three different types of damages.  Let me explain each type to you.

24.    COMPENSATORY DAMAGES

One type of damages you can award Mr. Kinion is compensatory damages.  The purpose of compensatory damages is to award, as far as possible, fair and just compensation to an injured plaintiff.  Compensatory damages seek to make the plaintiff whole—that is, to compensate him for the damages he has suffered or will suffer.  In this case, the compensatory damages claimed are non-economic damages, which I will explain later.

In order to award damages for a given injury or harm, you must find that Mr. Kinion has proven that the particular defendant caused his injury, in other words, that the defendant's action was a proximate cause of Mr. Kinion's injury or harm.  An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's injury, and if the injury was a reasonably foreseeable consequence of the defendant's conduct.  An injury that is a direct result, or a reasonably probable consequence of a defendant's conduct, was proximately caused by that conduct.

You must not award compensatory damages based on speculation or sympathy.  You also must not award damages based on the abstract "value" or "importance" of a statutory right.  You are not at liberty to guess or infer what the damages are.  Damages must be based on the evidence presented at trial, and only on that evidence, and they must be fair and reasonable.  On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

25.    CALCULATING COMPENSATORY DAMAGES

If you determine that Mr. Kinion is entitled to compensatory damages, you must

then determine the quantity of damages that is fair and reasonable to compensate him

for the harm caused by the liable defendant or defendants.

Compensatory damages may include non-economic damages, including both the

tangible and intangible aspects of injury, mental anguish, and other non-pecuniary

losses.  Non-economic damages are compensation for all non-pecuniary losses

including physical, mental, and emotional pain and suffering, humiliation, injury to

reputation, embarrassment, fear, anxiety, and/or anguish.

Injuries of any kind are to be fully and fairly compensated if they are proximately

caused by the illegal conduct.  You should award damages to the extent that the loss or

injury can be reasonably quantified and not simply on the basis of the inherent value of

the rights violated.  The damages you award should be proportional to the actual loss

sustained, whether that loss is physical, mental, or emotional, or one of the other types

of loss I have mentioned.

There is no exact standard for fixing the compensation to be awarded on account

of such elements of damage.  That is a matter left to your conscience, good sense, and

sound judgment.  You should not act unreasonably through bias, passion, or sympathy,

but rather should exercise common sense and fix an amount of damages that, in

accordance with the evidence and the law, will fairly compensate Mr. Kinion for all

injuries suffered by conduct that violated the law.

The problem of estimating damages in a case of this sort is not easy.  You are

not at liberty to guess or infer what the damages are.  You must use your best

judgment, remembering always that, even if you find that Mr. Kinion is entitled to recover, he has the burden of proving the amount of damages to which he is entitled.

No amount of any compensatory damage award you make can be intended to punish any of the defendants, as punishment is not the intent of compensatory damages.  Nor should you award as a component of damages any sum intended to cover the attorneys' fees that may have been incurred by Mr. Kinion in this lawsuit. That issue will be dealt with, if appropriate, in a separate proceeding.

26.    NOMINAL DAMAGES

A second type of damages to which Mr. Kinion may be entitled is nominal

damages.  If you find in favor of Mr. Kinion on any of his section 1983 claims, but also

find that he did not prove any compensatory damages, you may award him nominal

damages instead.

Nominal damages are awarded as recognition that Mr. Kinion's rights have been

violated.  You should award nominal damages if you conclude that Mr. Kinion's rights

were violated, without any resulting compensatory damages, or if you cannot

reasonably calculate monetary damages without engaging in speculation or guesswork.

However, if you find actual injury, you must award compensatory damages (as I

just instructed you), rather than nominal damages.  In other words, you can choose to

award Mr. Kinion either compensatory or nominal damages on any of his claims, but

you cannot award both against the same defendant.

Nominal damages are a token sum, such as ten dollars.

27.   DOUBLE DAMAGE RECOVERY

As I have already instructed you, you must consider whether Mr. Kinion has proven his claims against each of the defendants separately.  It is possible that you will find that Mr. Kinion has proven his claims against more than one of the defendants.  If that is the case, you will be asked to determine the amount of damages that each defendant that you find liable must pay to compensate Mr. Kinion.  In general, however, the law does not allow a party to recover twice for the same injury.  Therefore, in the event that you find that more than one defendant is liable to Mr. Kinion, Mr. Kinion should not recover twice for the same injury.  Do not be concerned about doubling recovery, however; I will instruct you how to avoid double damages on the Verdict Form.

It is also possible for you to find that Mr. Kinion has proven both of his claims against the defendants.  If you find that Mr. Kinion has proven both his excessive force claim and his failure to intervene claim, you will be asked to determine an amount of damages that the liable defendant or defendants must pay Mr. Kinion to compensate him on each claim.  However, it is possible that there will be overlap between the injury that Mr. Kinion has suffered as a result of his excessive force claim and his failure to intervene claim.  Again, the law does not allow a party to recover twice for the same injury.  Therefore, in the event that you find that Mr. Kinion has proven both of his claims, Mr. Kinion should not recover twice for the same injury.

Do not be concerned about double recovery, however; I will instruct you how to avoid this on the Verdict Form.

28.     PUNITIVE DAMAGES

A third type of damages for you to consider is punitive damages.  In addition to either compensatory or nominal damages, you may, but need not, assess punitive damages against one or more defendants on Mr. Kinion's claims under section 1983. You must decide separately whether to award punitive damages as to each of these claims against each defendant.

Punitive damages may be awarded to punish an individual defendant for his actions, or to deter or prevent an individual defendant and others like him from committing such conduct in the future.  Punitive damages, when appropriate, are intended to protect the community and to be an expression of the jury's indignation at the misconduct.  You may make an award of punitive damages against one or more of the defendants even if you find that Mr. Kinion failed to prove actual damages, meaning even if you awarded Mr. Kinion only nominal damages on his section 1983 claim.

However, you may only award punitive damages against a defendant under section 1983 if Mr. Kinion proves by a preponderance of the evidence that that defendant's conduct was motivated by evil motive or intent or was done with reckless indifference to the violation of Mr. Kinion's right.  A person acts with "reckless indifference" when he or she is conscious of a risk of injury and nonetheless acts with indifference to his civil obligations and the harm that his actions could have on the interests or rights of another.  Evil intent or reckless indifference therefore refers to the individual defendant's knowledge that he or she may be acting in violation of federal law.  If you find that a defendant acted with evil intent or reckless indifference, then you may, but are not required to, award Mr. Kinion an additional amount as punitive

damages if you find it is appropriate to punish that defendant or to deter him and others from violating section 1983 in the future.

If you decide to award punitive damages based on Mr. Kinion's section 1983 claims against one or more of the defendants, you must then use sound reason and calm discretion in setting the amount.  Factors to consider in determining the amount of a punitive damages award against a defendant, if any, are: the nature of the defendant's conduct under the totality of the circumstances—in other words, how reprehensible or blameworthy was the conduct; the impact of the conduct on Mr. Kinion; and the likelihood that other officers would repeat the wrongful conduct if the punitive award was not made.  You may not, however, determine the amount of punitive damages based on sympathy, bias, or prejudice with regard to any party in this case.  Rather, a punitive damages award under section 1983 should be based on the degree of reprehensibility of the defendant's misconduct and should be designed to achieve punishment or deterrence.

29.    NOTE TAKING

I have now concluded the instructions relating to the specific claims in this case.

In closing, I must add a few general instructions concerning your deliberations.  You

were permitted to take notes during the course of the trial.  Any notes you have taken

should be used only as memory aids; do not give your notes precedence over your

independent recollection of the evidence.  If you did not take notes, you should rely on

your own recollection of the proceedings and should not be influenced by the notes of

other jurors.

30.    CLOSING REMARKS

Let me now say a few words about your deliberations.  First, keep in mind that nothing I have said in these instructions—indeed, nothing I have said or done during this trial—is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so.  Each of you must decide the case for yourself, but you should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

It is important that you reach a verdict only if you can do so conscientiously.  You should not hesitate to reconsider your own opinions from time to time, and to change them if you become convinced that they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous.  If you take a vote during deliberations and you are not unanimous, then you have not reached a final decision one way or another and should continue to deliberate.

Remember also that your verdict must be based solely on the evidence in the case as you have found it and the law as I have given it to you, not on anything else. Closing arguments, or other statements or arguments of counsel, are not evidence.  If your recollection differs from the way counsel has stated the facts, then your recollection controls.

Remember at all times that you are not a party to this case.  Rather, you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

The instructions that I gave you at the beginning of the case about outside factors apply during your deliberations.  Do not discuss this case with anyone outside the jury deliberation room, even with your fellow jurors.  Also, do not read or listen to any outside information about the case during your deliberations.  And do not try to do any research or make any investigation.  And, of course, continue to refrain from speaking to the parties, their attorneys, the witnesses, and me.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate with anyone any information about this case or to conduct any research about this case until I accept your verdict.

Upon retiring to the jury room, you should first elect one among you to act as your foreperson, who will preside over your deliberations and will be your spokesperson here in court.  After you have retired to begin your deliberations, you are not to leave your jury room without first notifying the court security officer seated outside the room, who will escort you.  No deliberations may take place without all jurors being present.

A Verdict Form has been prepared for your convenience.  The Verdict Form is made up of questions concerning the important issues in this case.  The Verdict Form is

not evidence in this case, nor should you view it as supplementing or modifying in any way my instructions to you on the law.  Your answers must reflect the conscientious judgment of each juror and must be unanimous.  The Verdict Form includes instructions to guide you in filling it out, and follows the order of these instructions.  You should answer every question, except where the Verdict Form indicates otherwise.  I suggest that you start at the beginning, and work your way through, following the instructions carefully.

You will have the Verdict Form in the jury room and you must answer the questions asked.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, and then date and sign the Verdict Form.  Then inform the court security officer that you have reached a verdict.  Do not indicate in your message to the court security officer what the verdict is.  I stress that each of you must be in agreement with the verdict as contained in the Verdict Form and announced in court.  Your verdict must be unanimous.

You are about to go into the jury room to begin your deliberations.  Please wait to begin deliberations until the deputy clerk brings in to you the Verdict Form and paper exhibits and sends to you the electronic version of the exhibits.  It will take a few minutes to do that.

If you want any of the testimony read back to you, you must request that.  Please understand that it is not always easy to locate what you might want.  Therefore, if you feel you need testimony read back, be as specific as possible in your request.

Any communication with the court should be made to me in writing, signed by your foreperson, and given to the court security officer.  I will not communicate with any

member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may, if you can, continue your deliberations while waiting for the answer to any question.  I will respond to your request as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that, in your communications with the court, you should never indicate in any way how the jury stands, numerically or otherwise.  Never disclose any vote count in any note to the court.

It is proper to add a final caution.  Nothing that I have said in these instructions, and nothing that I have said or done during the trial, has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.

This completes my instructions to you.  Thank you for your service so far and thank you in advance for your careful and thoughtful deliberations.